IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LESLIE LACOOK**, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| **PROFESSIONAL HVAC/R SERVICES INC.**, | ) | **COMPLAINT** |
| | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| - and - | ) | |
| | ) | |
| **PROGREEN TECHNOLOGIES, LLC**, | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| **KOKE DEVELOPMENT LLC**, | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| **JOSEPH ALLEN KOKINDA**, | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| **JOSEPH ADAM KOKINDA**, | ) | |
| | ) | |
| - and - | ) | |
| | ) | |
| **BRYAN KOKINDA**, | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff Leslie LaCook, by and through counsel, and for her Complaint against Defendants Professional HVAC/R Services Inc., ProGreen Technologies LLC, Koke Development LLC, Joseph Allen Kokinda, Joseph Adam Kokinda, and Bryan Kokinda ("Defendants"), states and alleges the following:

**INTRODUCTION**

1. Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

2. Plaintiff also brings claims for damages pursuant to R.C. § 2307.60.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

4. The Court has supplemental jurisdiction over Plaintiff's OMFWSA and R.C. §2307.60 claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

6. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Cuyahoga County, Ohio.

7. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

8. At all times relevant herein, Defendant Professional HVAC/R Services Inc. was a domestic for-profit corporation, organized and existing under the laws of the State of Ohio, with a physical location at 32961 Pin Oak Pkwy, Avon Lake, OH 44012 (Lorain County). Defendant

Professional HVAC/R Services Inc. can be served through its registered agent: Shannon M. Kokinda, at 1029 N. Quarry Rd., Amherst, OH 44001.

9. At all times relevant herein, Defendant ProGreen Technologies, LLC was a domestic limited liability company, organized and existing under the laws of the State of Ohio, with a physical location at 32961 Pin Oak Pkwy, Avon Lake, OH 44012 (Lorain County). Defendant ProGreen Technologies, LLC can be served through its registered agent: Ronald K. Starkey, 638 W. Maple Street, Hartville OH 44632.

10. At all times relevant herein, Defendant Koke Development LLC was a domestic limited liability company, organized and existing under the laws of the State of Ohio, with a physical location at 2861 Center Road Avon, OH 44011 (Lorain County). Defendant Koke Development LLC can be served through its registered agent: Shannon M. Kokinda, at 1029 N. Quarry Rd., Amherst, OH 44001.

11. At all times relevant herein, Defendant Joseph Allen Kokinda was an individual who can be served at his residence of 2861 Center Rd., Avon, OH 44011.

12. At all times relevant herein, Defendant Joseph Adam Kokinda was an individual who can be served at his residence of 1029 N. Quarry Rd, Amherst, OH 44001.

13. At all times relevant herein, Defendant Bryan Kokinda was an individual who can be served at his residence of 38317 Pelican Lake Dr., North Ridgeville, OH 44039.

14. At all times relevant herein, Defendants were individual and joint employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

15. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

16. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

18. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

19. Defendant Professional HVAC/R Services Inc. installs and provides various services concerning commercial refrigeration systems.

20. Defendants Joseph Allen Kokinda, Joseph Adam Kokinda, and Bryan Kokinda are co-owners of Defendant Professional HVAC/R Services Inc. Defendant Joseph Allen Kokinda is the owner and CEO, Defendant Joseph Adam Kokinda is a Vice President and COO, and Bryan Kokinda is also a Vice President and CIO.

21. Plaintiff and other employees regularly performed work for Defendants ProGreen Technologies LLC and Koke Development LLC, who are under the same ownership, operation, and control as Defendant Professional HVAC/R Services Inc.

22. Plaintiff was employed by Defendants as a non-exempt accountant from approximately May 2020 through December 21, 2020.

23. While employed by Defendants, Plaintiff handled various office and accounting tasks as directed by Defendants.

24. While employed by Defendants, Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of Defendants.

25. While employed by Defendants, Plaintiff's primary duty was not management.

26. Defendants misclassified Plaintiff as an "exempt" employee.

27. At all relevant times, Plaintiff was not exempt from the protections of the FLSA or Ohio law.

28. Defendants paid Plaintiff on a salary wage.

29. Defendants deducted Plaintiff's wages for working less than 40 hours in a week and/or when she took time off.

30. Plaintiff regularly worked over 40 hours per workweek. Plaintiff estimates that she worked on average approximately 44 to 50 hours per workweek.

31. Defendants failed to pay Plaintiff overtime compensation for the hours she worked over 40 each workweek.

32. Defendants had knowledge that Plaintiff worked more than 40 hours per week.

33. At all relevant times, Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiff.

34. At all relevant times, Defendants shared the authority to hire, fire and discipline employees, including Plaintiff.

35. At all relevant times, Defendants shared the authority to set rates and methods of compensation of Plaintiff.

36. At all relevant times, Defendants shared the authority to control the work schedules and employment conditions of Plaintiff.

37. At all relevant times, Defendants shared ultimate authority and control of employment records.

38. At all relevant times, Defendants mutually benefitted from the work performed by Plaintiff.

39. At all relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

40. At all relevant times, Defendants shared the services of Plaintiff.

41. At all relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff.

42. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for the overtime hours she worked.

43. It would not have been administratively difficult for Defendants to properly pay Plaintiff for all hours worked, including those exceeding 40 in a workweek. Indeed, Plaintiff was required to submit detailed task logs to Defendants Joseph Allen Kokinda on a daily basis.

44. To the extent Defendants failed to keep records as required by law, Plaintiff is entitled to a reasonable estimate.

## COUNT ONE
### (Fair Labor Standards Act Overtime Violations)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Defendants' practice and policy of misclassifying Plaintiff as "exempt" violated the FLSA, 29 U.S.C. § 213(a)(1).

47. Defendants' practice and policy of deducting from Plaintiff's salary violated the FLSA, 29 CFR § 541.602 in that it did not satisfy the salary-basis requirement of any recognized exemption under which Plaintiff might fall.

48. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

49. By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

50. As a result of Defendants' practices and policies, Plaintiff has been harmed in that she has not received overtime due to her pursuant to the FLSA, and because such wages remain unpaid, damages continue.

## COUNT TWO
### (OMFWSA Overtime Violations)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Defendants' practice of misclassifying Plaintiff as an "exempt" worker violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

53. Defendants' practice and policy of deducting from Plaintiff's salary violated the the OMFWSA, R.C. §§ 4111.03 and 4111.10 in that it did not satisfy the salary-basis requirement of any recognized exemption under which Plaintiff might fall

54. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the OMFWSA, R.C. §§ 4111.03 and 4111.10.

55. By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

56. As a result of Defendants' practices and policies, Plaintiff has been harmed in that she has not received overtime due to her pursuant to the OMFWSA, and because such wages remain unpaid, damages continue.

## COUNT THREE
### (Damages Pursuant to O.R.C. § 2307.60)

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. As a result of Defendants' practices and policies, Plaintiff has been harmed in that she has not received wages due to her pursuant to the FLSA and the OMFWSA.

59. Section 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

60. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff has been injured as a result.

61. Ohio Revised Code § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

62. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

C. Award Plaintiff compensatory and punitive damages pursuant to O.R.C. § 2307.60;

D. Award Plaintiff pre- and/or post-judgment interest at the statutory rate;

E. Award Plaintiff attorneys' fees, costs, and disbursements; and

F. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
         sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

*/s/ Robi J. Baishnab*
*One of the Attorneys for Plaintiff*